**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.**

FRANCHESCA M. FERNANDEZ,
      Plaintiff,

vs.

MEGAN BRENNAN, as Postmaster
General of the United States,              **COMPLAINT**
      Defendant.
_____/

      Plaintiff, Franchesca M. Fernandez, through her undersigned counsel, hereby files this Complaint, against the Defendant, Megan Brennan, as Postmaster General of the United States ("Agency"); and in support hereof, Plaintiff states as follows:

## I.
## JURISDICTION

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), *et seq.*, and the jurisdiction of this Court is invoked to secure the protection of and to redress the deprivation of rights, secured by 42 U.S.C. Section 2000(e), *et seq.*, against gender discrimination and or sexual harassment in the workplace.

2. Plaintiff also brings this case under the anti-retaliation provision of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e)-3(a), which forbids employers from retaliating, or from taking an adverse personnel action against employees, who exercise their lawful and protected rights under Title VII.

3. The jurisdiction of this Court is also invoked, pursuant to 28 U.S.C. Section 1343 (3).

4. On October 22, 2016, filed Plaintiff filed an Informal Complaint of Employment Discrimination, claiming that she was sexually harassed and assaulted by a co-worker, Ernest Sylvain, on September 21, 2016; and she also alleged, that she was subsequently retaliated against, by Defendant's management, through the imposition of several predicate acts of retaliation, prior to her dismissal; and subsequently thereafter, the continuous acts of retaliation, ultimately resulted in the Plaintiff's termination from employment on November 4, 2016.

5. On December 23, 2016, Plaintiff was provided with the proper Notice, for an opportunity to file a Formal Complaint of Employment Discrimination; and on December 29, 2016, Plaintiff filed her formal Complaint of Employment Discrimination in this case; alleging, *inter alia*, that she had been subjected to sexual harassment in the workplace on September 21, 2016; and that, as a result of complaining of this offensive and egregious misconduct, beginning on September 28, 2018, Plaintiff was subjected to predicate acts of retaliation by management, which ultimately resulted in her termination of employment, with the Defendant, on November 4, 2016.

6. Thereafter, Plaintiff's Formal Complaint of Employment Discrimination was accepted for investigation by the Agency, on February 1, 2017, and the administrative investigation regarding Plaintiff's claims of discrimination was duly completed.

7. Plaintiff continued with the processing of her Equal Employment Opportunity ("EEO") Complaint, under the auspices of the Miami District Office of the Equal Employment Opportunity Commission ("EEOC"), until August 12, 2018, when she requested, by

written motion, that the EEOC cease processing her EEO complaint, in order to enable her to pursue all legal remedies in this case, before the federal district court.

8. Plaintiff has complied with all administrative prerequisites, which are necessary to file a lawsuit, in federal district court, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), in that she filed all appropriate charges of discrimination, within the applicable time frames, and hence, she has exhausted all pertinent administrative procedures; and she has performed all conditions precedent to filing suit before the federal district court.

## II.
## PARTIES

9. At all material times herein, Plaintiff, Franchesca M. Fernandez ("FERNANDEZ"), was a resident of Sunrise, Broward County, Florida; and she was an employee of the Defendant, the United States Postal Service.

10. Defendant, Megan Brennan, is the Agency head of the United States Postal Service; and as such, she is responsible for the administration of personnel policies and practices, applicable to all employee of the USPS, including the Plaintiff, herein, during the period when she was an employee of the Agency in the Southern District of Florida.

## III.
## FACTS

11. Plaintiff began working for the Defendant in the letter carrier craft, on or about August 8, 2016; and she was assigned to work, out of the Defendant's Plantation Branch Office, which is located west of Ft. Lauderdale, Florida, in Broward County, Florida.

12. Following her initial job training in August, 2016, Plaintiff's performance was rated as being rated fully satisfactory, prior to making her internal complaint of employment discrimination on September 21, 2016.

13. On September 21, 2016, while Plaintiff was in the process of retrieving Express Mail, from the loading dock of the main USPS Facility, also known as the Main Office Carrier Annex, located on Oakland Park Blvd., in Oakland Park, Florida, another USPS employee, Ernest Sylvain ("SYVAIN"), approached her on the loading dock, he called her derogatory names, such as, "Baby," he asked her for her personal telephone number; and furthermore, he stared at her in luring manner, which made her feel extremely uncomfortable.

14. SYLVAIN then forcibly grabbed the Plaintiff, he pushed himself on top of her; and he began groping her, as well as grinding on her.

15. Plaintiff immediately told SYLVAIN that she was not at all interested in his advances; and that she wanted him to immediately stop his offensive conduct, and other employees were laughing on the loading dock in response to the incident, which heightened her embarrassment.

16. A co-worker, Humberto Smeser, witnessed SYLVAIN's offensive conduct; and he could discern that Plaintiff was upset and very offended by SYLVAIN's conduct on the loading dock.

17. A co-worker, Charise Howard, has stated that SYLVAIN had previously subjected her to offensive, unwelcome and offensive acts of sexual harassment in the workplace.

18. Plaintiff immediately returned to her duty station at the Plantation Branch Office, and she notified her immediate supervisor, Ms. Vanessa Cooper ("COOPER"), who held the position of Supervisor, Customer Service, of SYLVAIN's conduct; the Station Manager, Sandra Bland was apparently in a meeting, but before Plaintiff could relate the facts of the entire incident, COOPER told the Plaintiff to return to her vehicle with a "waive" of her hand.

19. Plaintiff further maintains that she made an additional internal complaint regarding SYLVAIN's conduct, to another Customer Supervisor, Carlos Rodriguez, on September 28, 2016, but that, no substantive action was taken in response to her internal complaint of discrimination, based on workplace sexual harassment.

20. On September 21, 2016, subsequent to making her internal complaint of sexual harassment, supervisory personnel assigned Plaintiff to use an unsafe Postal vehicle, since the vehicle had no foot pedal.

21. Prior to September 28, 2016, Plaintiff's work schedule varied from 7:45 a.m. to 9:00 p.m.; however, she maintains that following September 28, 2016, CODY engaged in a falsification of her clock rings, and or time schedule, such as, showing on September 29, 2016, that she had taken a lunch break, when she had not taken one; and on October 2, 2016, Plaintiff was scheduled to work; but she was told by supervisory personnel, namely, CODY, not to come into work.

22. Similarly, for example, on October 10, 2017, Plaintiff was scheduled to work, however, CODY texted Plaintiff, indicating that she was not to come to work on that day, but Plaintiff had already put her hours in at work, on that particular day.

23. On September 30, 2016, COOPER told Plaintiff that her performance was suspect; and that, if she did not improve in her job performance, she would be dismissed from her employment.

24. On October 1, 2016, COOPER followed Plaintiff to her work vehicle, and COOPER precluded her from preparing for her delivery route; and in addition when Plaintiff returned from her route on that date, Detries Cody ("CODY"), a Supervisor at the Plantation USPS Branch Office, shouted at her in an abusive manner, "Stop, go to the Main."

25. On October 4, 2016, CODY approached Plaintiff on two occasions during the workday and falsely accused her of not securing her work vehicle.

26. On October 5, 2016, CODY approached Plaintiff on the street, during her workday, and CODY told the Plaintiff, that if she did not work faster, she would be terminated.

27. Plaintiff was issued an unjustified, unacceptable performance ratings by management, specifically, the evaluations were performed by CODY, at the sixty and eighty-day marks of her employment; although she had not been given a thirty-day performance evaluation.

28. Plaintiff contends that the eighty-day performance evaluation was improperly altered by CODY, in an apparent effort to support management's purported case of termination against her.

29. On November 3, 2016, Plaintiff was not scheduled for work, but management claimed that she was terminated, on the following day, November 4, 2016, because she was a "no show" for work on November 3rd.

30. Management further contended that Plaintiff was allegedly terminated for job performance reasons, on November 4, 2016.

31. COOPER was responsible for implementing the termination, along with a recommendation for dismissal from CODY.

32. There were no bona fide business reasons, justifying the dismissal; and management's reasons for termination were merely pretextual.

## COUNT I
## (VIOLATION OF TITLE VII, SEXUAL HARASSMENT/GENDER DISCRIMINATION)

33. Plaintiff restates and re-avers the allegations contained in Paragraphs 1—32 of the Complaint, as if fully set forth herein.

34. Plaintiff was subjected to offensive workplace sexual harassment, based upon her gender, when she was accosted and harassed, based upon her gender by Ernest Sylvain ("SYLVAIN"), on September 21, 2016.

35. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e)-2(a), *et seq.*, prohibits an employer from discriminating against an employee in the terms and conditions of his or her employment, based upon gender; gender-based classifications or gender-based reasons.

36. SYLVAIN's conduct in the workplace on September 21, 2016, violated Title VII of the Civil Rights Act of 1964, as amended, in that Plaintiff was subjected to unlawful, unwelcome and offensive sexual harassment, based upon her gender.

37. Plaintiff is a female, who possessed the requisite qualifications to perform her carrier craft position, while she was employed by the Defendant.

38. As a direct and proximate result of the unlawful and offensive acts of the Defendant's employee, SYLVAIN, Plaintiff has suffered great and irreparable economic harm, compensatory damages, and other associated losses.

39. Moreover, as a further result of Defendant's unlawful gender-based conduct, Plaintiff has been compelled to retain counsel and she has incurred attorney's fees and costs.

**WHEREFORE**, Plaintiff, FRANCHESCA M. FERNANDEZ, respectfully requests that this Court enter judgment against the Defendant, MEGAN BRENNAN, as Postmaster General of the United States, and find that the Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e)-2(a), and order the following additional relief:

A) Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, as well as compensatory damages;

B) Award the Plaintiff her costs and a reasonable attorney's fee;

C) Enjoin the Defendant from continuing its discriminatory practices; and

D) Grant any and all appropriate relief, which the Court deems to be just, proper and equitable.

## COUNT II
### (VIOLATION OF TITLE VII-RETALIATION)

40. Plaintiff restates and re-avers the allegations contained in Paragraphs 1—32 of the Complaint, as if fully set forth herein.

41. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e)-3(a) contains an anti-retaliation provision, forbidding employers from retaliating, or from taking an adverse personnel action against employees, who exercise their lawful and protected rights under Title VII.

42. Section 2000(e)-3(a) of Title VII of the Civil Rights Act of 1964, as amended, reads as follows:

    It shall be an unlawful employment practice for an employer to discriminate against any of its employees . . . because he or she has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this subchapter.

43. Prior to her termination from employment, Plaintiff complained internally about sexual harassment and gender discrimination to USPS management, specifically, she made these complaints on September 21, 2016, and on September 28, 2016; and in addition, she filed an informal EEO Complaint on October 22, 2016.

44. By filing the previous complaints of discrimination, prior to her termination from employment, FERNANDEZ had a reasonable belief that the Defendant had engaged in unlawful conduct, in violation of Title VII of the Civil Rights Act of 1964, as amended,

when she alleged that she had been subjected to unlawful gender based discrimination and or sexual harassment.

45. Following the making of the internal complaints of discrimination, Plaintiff was subjected to numerous predicate acts of retaliation in the workplace, subsequent to September 28, 2016, which ultimately resulted in her termination from employment on November 4, 2016.

46. The numerous predicate acts of retaliation in the workplace, subsequent to September 28, 2016, perpetrated by USPS management, which ultimately resulted in the termination of Plaintiff, from employment on November 4, 2016 constituted violations of Section 2000(e)-3(a) of Title VII of the Civil Rights Act of 1964, as amended.

47. As a direct and proximate result of the unlawful acts of the Defendant's employees, COOPER and CODY, in imposing predicate acts of retaliation, including dismissal, Plaintiff has suffered great and irreparable economic harm, compensatory damages, and other associated losses.

48. Moreover, as a further result of Defendant's unlawful gender-based conduct, Plaintiff has been compelled to retain counsel and she has incurred attorney's fees and costs.

**WHEREFORE**, Plaintiff, FRANCHESCA M. FERNANDEZ, respectfully requests that this Court enter judgment against the Defendant, MEGAN BRENNAN, as Postmaster General of the United States, and find that the Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e)-2(a), and order the following additional relief:

A) Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, as well as compensatory damages;

B) Award the Plaintiff her costs and a reasonable attorney's fee;

C) Enjoin the Defendant from continuing its discriminatory practices; and

D) Grant any and all appropriate relief, which the Court deems to be just, proper and equitable.

## Demand for Trial by Jury

Plaintiff demands trial by jury of all issues so triable.

Respectfully submitted,

Mark J. Berkowitz, P.A.
Attorney for Plaintiff
One ten Tower
110 S.E. 6th Street
Suite 1700
Ft. Lauderdale, Florida 33301
(954) 527-0570 Telephone
(954) 281-5881 Telecopier
E-mail: labor@markjberkowitz.com
Fla. Bar No. 369391

/s/ Mark J. Berkowitz
Mark J. Berkowitz

Dated on this 12th day of August, 2019.